UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA
        vs.                                                  3:18-MJ-00139-TWD
MAXIMILIEN R. REYNOLDS,
                              Defendant.
_____

APPEARANCES:                                          OF COUNSEL:

FOR THE GOVERNMENT

HON.  GRANT C. JAQUITH, ESQ.          RICHARD SOUTHWICK, ESQ.
Acting United States Attorney              Assistant U.S. Attorney
Office of the United States Attorney
100 South Clinton Street
PO Box 7198
Syracuse, NY 13261

FOR THE DEFENDANT

SCHLATHER, STUMBAR, PARKS & SALK, LLP    RAYMOND M. SCHLATHER, ESQ.
200 East Buffalo Street
PO Box 353
Ithaca, NY 14851-0353

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## ORDER

      Defendant is charged by criminal complaint with Possession of an Unregistered Destructive Device/Silencer, False Statement in Acquisition of a Firearm, and False Statement in Required Firearm Record, in violation of 26 U.S.C. § 5861(d), 18 U.S.C. § 922(a)(6) and 2(a) and 2(b), and 18 U.S.C. § 924(a)(1)(A) and 2(a) and 2(b).  At Defendant's initial appearance on March 16, 2018, the Government moved for his detention, pursuant to 18 U.S.C. § 3142(f), and Defendant waived an immediate detention, reserving rights, and also waived a preliminary hearing, reserving rights.  (Text Minute Entry 3/16/2018.)  Also at the initial appearance, Defendant's counsel requested that the Court order a mental health

evaluation in order to assess the Defendant's ability to understand the proceedings against him and to assist his counsel in defending against the pending charges. According to Defendant's counsel, Defendant was in voluntary in-patient psychiatric treatment at the time of his arrest, and his diagnoses include forms of schizophrenia and bipolar disorders. The Government indicated it had no objection to the Court ordering a competency examination.

Based upon the request and statements of Defendant's counsel, the Government's consent to the examination, and my observations during the hearing on March 16, 2018, I find the existence of a substantial question as to whether Defendant is able to fully understand the nature and consequences of the proceedings against him and to properly assist in his defense.

**WHEREFORE**, it is hereby

**ORDERED**, that a psychiatric or psychological examination of Defendant shall be conducted, pursuant to 18 U.S.C. § 4241(b), and a report of that determination shall be filed with the Court and served upon counsel for both parties in accordance with 18 U.S.C. § 4247(b) and (c); and it is further

**ORDERED**, that the Defendant is committed to the custody of the Attorney General for a reasonable period, not to exceed thirty days, for such a psychiatric or psychological examination to determine his current mental competence, pursuant to 18 U.S.C. § 4241 and 4247, to be conducted in a suitable facility, as designated by the Bureau of Prisons ("BOP"); however, the Court requests that facility be FMC Devens, in Ayer, Massachusetts; and it is further

**ORDERED**, that the United States Marshal's service shall transport Defendant to the institution so designated by the BOP for the required examination; and it is further

**ORDERED**, that should thirty days be insufficient to complete the ordered examination, and/or the examination is not completed in thirty days, counsel should submit a request to the Court pursuant to 18 U.S.C. § 3161(h)(1)(A), to extend the exclusion of time from the date of the request up until and including the conclusion of any hearing to determine the mental capacity of Defendant for the purposes of calculating when trial must begin under

the governing speedy trial provisions, including 18 U.S.C. §§ 3161 *et seq.*

Dated:	March 16, 2018
	Syracuse, NY

	_____
	Therèse Wiley Dancks
	United States Magistrate Judge