IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   3:18-MJ-139 (TWD) |
| | ) | |
| v. | ) | Stipulation and Order |
| | ) | for Enlargement of Time |
| **MAXIMILIEN REYNOLDS** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## STIPULATION

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, and the defendant, Maximilien Reynolds, by and through counsel, Kimberly Zimmer, hereby agree and stipulate that the time within which an indictment must be filed under Title 18, United States Code, Section 3161(b), be enlarged to and including ninety (90) days from the date the stipulation is signed and that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b).

1) The chronology of this case is as follows:

    a)    Date of complaint: March 15, 2018

    b)    Date of initial appearance: March 16, 2018

    c)    Defendant custody status: Detained

    d)    Date United States moved for detention: March 16, 2018

    e)    Date of detention hearing: (To be Scheduled)*

    * Defendant waived an immediate detention hearing and reserved his right to have a detention hearing by the Court.

2) The United States and the defendant request this exclusion based on the following facts and circumstances: On March 16, 2018, the defendant made his initial appearance on a criminal complaint alleging four felony violations of law. At that time, the defendant provisionally waived his right to a detention hearing. (i.e. reserved right to request future detention hearing) Based upon a motion by the defendant, on March 19, 2018, the Court ordered a psychiatric or psychological examination of the defendant be conducted to determine his mental competency to proceed pursuant to Title 18, United States Code, Section 4241(b) (Dkt. No. 7). The defendant is currently en route to a United States Bureau of Prisons facility for this examination. On March 16, 2018, the defendant served the United States with a notice pursuant to Federal Rule of Criminal Procedure 12.2, indicating an intention to assert a defense of insanity. In light of this notice, the United States will shortly make a motion to the Court requesting an order for the defendant to be examined for an opinion as to whether or not he was insane at the time he committed the offenses charged in the pending criminal complaint.

3) The parties are currently engaged in plea negotiations, exchanging information about the facts of the case, including the defendant's personal and mental health history, and discussing possible resolutions of this litigation. Due to the nature of the defense to be asserted by the defendant (insanity), additional time is needed for the parties to continue these discussions. Alternatively, if plea negotiations fail, additional time will be needed to present evidence to a grand jury.

4) The parties stipulate and agree that the ends of justice served by granting this extension outweigh the best interest of the public and the defendant in a speedy indictment and trial because the psychiatric or psychological examination of the defendant will need to be conducted and it is possible that the examination results may not be available within thirty (30) days. Further, because the defendant has served notice that he may assert a defense of insanity, additional time will be

necessary for both parties to consult with expert witnesses on this issue, including the review of records or documents related to the defendant's current and former mental health history, if any. The fact that it is not currently known whether the defendant is mentally competent to proceed, and the fact that the defendant has served notice that he may assert a defense of insanity, suggest that the facts upon which the grand jury must base a determination are unusual and/or complex, so that it is unreasonable to expect the return and filing of an indictment within the period specified in section 3161(b), taking into account the exercise of due diligence (*see* 18 U.S.C. § 3161(h)(7)(B)(iii)).

5)   The parties stipulate and agree that the time period from the date of this stipulation, to and including the date of the Order, shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(iii).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: April 4, 2018

GRANT C. JAQUITH
United States Attorney

By: _____
Richard R. Southwick
Assistant United States Attorney
Bar Roll No. 506265

_____
Kimberly Zimmer, Esq.
Attorney for Maximilien Reynolds
Bar Roll No. 505346

3

## ORDER

A.   The Court adopts the stipulated facts set out above as findings and hereby incorporates them into this Order;

1.   The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether an extension of time within which the government must file an information or indictment serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy indictment and trial because the facts of the case are so unusual or complex that it is unreasonable to expect adequate preparation for the return and filing of an indictment within the period specified in section 3161(b), taking into account the exercise of due diligence.

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS, IT IS HEREBY ORDERED that the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including ninety (90) days from the date of this Order, and that time be excluded pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), because the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial for the reasons stipulated above.

IT IS SO ORDERED.

Dated and entered this _____ day of April, 2018.

Hon. Judge Therese Wiley-Dancks<br>United States District Judge